IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

SEP 2 0 2005

Michael N. Milby, Clerk of Court

| | |
|---|---|
| IN RE | ) |
| | ) |
| BURNS PHILLIPS, III and | ) CASE NO. 04-80132-G3-13 |
| BONNIE PHILLIPS, | ) |
| | ) |
| Debtors | ) |
| | ) |

MEMORANDUM OPINION

Came on for trial the Debtors' Objection to Claim of Norman E. and Rita C. Raney (Docket No. 42) filed by Debtors, Burns Phillips, III and Bonnie Phillips, and after considering the pleadings, evidence and argument of counsel, the court makes the following findings of fact and conclusions of law denying the Objection without prejudice. A separate conforming Judgment will be entered this same date. To the extent any findings of fact are construed to be conclusions of law, they are hereby adopted as such. To the extent any conclusions of law are construed to be findings of fact, they are hereby adopted as such.

Findings of Fact

1. Burns Phillips, III ("Debtor") filed a voluntary Chapter 13 bankruptcy petition on January 29, 2004. His wife, Bonnie Phillips, filed a separate Chapter 13 bankruptcy petition on March 22, 2004. The cases were consolidated on December 17, 2004.

Docket Nos. 1 and 39; Main Case No. 04-80431-G3-13, Docket Nos. 1 and 14.

2.  Debtor, Burns Phillips, III, listed Norman E. and Rita C. Raney ("Creditors") as unsecured nonpriority creditors in an unknown amount. Schedule F, Docket No. 1. He also listed a suit filed by the Creditors against him in the 239th Judicial District Court of Brazoria County, Texas ("State Court") on his Statement of Financial Affairs. Debtor, Bonnie Philips, was not a party to the litigation and the Creditors were not listed on her Schedules or Statement of Financial Affairs. Main Case No. 04-80431-G3-13, Docket No. 1.

3.  The State Court litigation was pending prior to Debtors' bankruptcy filings and the Creditors filed a Notice of Lis Pendens on July 18, 2003 in the records of the Brazoria County Clerk of Court. Debtors' Exhibit No. 3. The bankruptcy court lifted the automatic stay to allow the State Court litigation to proceed to judgment. Debtors' Exhibit No. 5.

4.  The State Court rendered a Judgment in favor of the Creditors and against Debtor, Burns Phillips, on September 17, 2004 in the amount of $96,386.03 and imposed a lien on Debtors' home in the amount of $30,000 as well as awarding attorney's fees and costs. The Creditors filed a Proof of Claim on October 22, 2004. Debtor's Exhibit No. 6. The claim was classified as secured in the

amount of $30,000 and as an unsecured nonpriority claim in the amount of $91,386.03.

5. The State Court judgment states that the Debtor used money paid by the Creditors to improve Debtor's homestead and references a violation of Article 162.006 of the Texas Property Code for Debtor's, Burns Phillips', failure to establish a construction account. Creditors' Exhibit Nos. 1 and 2.

6. Debtors filed their objection to the Raneys' claim challenging the secured status of the $30,000 lien award. Debtors contend that the lien is invalid as it seeks to encumber their homestead property. Further, Debtors claim that the enforceability of the lien against Debtors' homestead is prohibited by the Texas Constitution. Docket No. 42.

7. Federal Rule of Bankruptcy Procedure 3007 provides the procedure for filing and hearing claim objections. A claim objection initiates a contested matter. However, if the objection is joined with a request for affirmative relief in the form of a counterclaim or contests the validity, priority or extent of a lien, an adversary proceeding must be commenced. No adversary proceeding was initiated by Debtors.

8. The court denies the Debtors' Objection to the Claim of the Raneys without prejudice to filing an adversary proceeding to challenge the validity of any security interest or to filing a motion to avoid the lien pursuant to 11 U.S.C. § 522(f).

Conclusions of Law

1. When a proof of claim in bankruptcy is filed, the party filing the claim is presumed to have made a prima facie case against the debtor's assets. *In re Fidelity Holding Company, Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988). The objecting party must produce evidence rebutting the presumption raised by the proof of claim. *Id*. If such evidence is produced, the party filing the claim must then prove by a preponderance of the evidence the validity of the claim. *Id*. The claiming party, through this process, bears the ultimate burden of proof. Id. Accord *In re Missionary Baptist Foundation of America*, 818 F.2d 1135, 1143-1144 (5th Cir. 1987) and *In re Joseph A. Burger*, 125 B.R. 894, 902 (Bankr. D. Del. 1991).

2. To the extent debtors believe they have grounds to challenge the validity of a lien, the procedure sanctioned by the Bankruptcy Rules calls for an adversary proceeding. *See* Bankruptcy Rule 7001(2); *In re Kinion*, 207 F.3d 751, 757 (5th Cir. 2000); *In re Lawler*, 75 B.R. 979 (Bankr. N.D. Tex. 1987), aff'd, 106 B.R. 943 (N.D. Tex. 1989).

Accordingly, the Debtors' Objection to Claim of Norman E. and Rita C. Raney (Docket No. 42) filed by Debtors, Burns Phillips, III and Bonnie Phillips, is denied without prejudice to filing an

adversary proceeding. A separate Judgment will be entered in conjunction herewith.

SIGNED at Houston, Texas on this 19th day of September, 2005.

_____
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE